# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DONALD C. PLAISANCE

NO. 2025 KW 0782

PAGE 1 OF 2

**SEPTEMBER 18, 2025**

In Re:     Donald C. Plaisance, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 4517-F-2024.

BEFORE:    **THERIOT, PENZATO, AND BALFOUR, JJ.**

**WRIT GRANTED.** The Fourth Amendment requires that warrants be supported by probable cause shown, through a sworn affidavit submitted to the magistrate. See U.S. Const. amend. IV. A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts that establish the cause for the issuance of the warrant. La. Code Crim. P. art. 162(A); **United States v. Brown,** 941 F.2d 1300, 1302-03 (5th Cir. 1991) (*per curiam*). Once a defendant has shown the affidavit contains false statements, the burden shifts to the State to prove the veracity of the allegations in the affidavit. If the court finds that the affidavit contains misrepresentations, it must decide whether they were intentional. If the court finds that the misrepresentations were intentional, the search warrant must be quashed. On the other hand, if the court finds that the misrepresentations were inadvertent or negligent, the inaccurate statements should be excised and the remaining statements tested for probable cause. **State v. Brown,** 2018-01999 (La. 9/30/21), 330 So.3d 199, 252-53, cert. denied, ___ U.S. ___, 142 S.Ct. 1702, 212 L.Ed.2d 596 (2022).

Here, the record shows the detective's statement in the application for the search warrant that he responded to the address in question after receiving information of narcotics activity at the property was factually incorrect. The detective failed to note that during two weeks of on and off surveillance, he observed nothing to suggest that illegal narcotics activity was occurring at relator's residence. The detective further conceded this fact at the suppression hearing. Moreover, there is no indication that the information provided by the confidential informant was based on personal observations. The district court failed to excise the factually incorrect statement from the application and test the remaining statements for probable cause. In this case, when the factually incorrect statement is removed from the application, the only remaining fact is that the detective allegedly smelled the odor of marijuana coming from inside relator's residence during the knock and talk investigation. Accordingly, the ruling denying the motion to suppress is reversed, the motion is granted, and this matter is remanded for further proceedings.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MRT
KEB

**Penzato, J.,** I would grant certiorari and docket.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT